José Esprívalo et al., Plaintiffs and Appellees, *v.* Ramón Cerezo Martínez, Defendant and Appellant.

No. 5147. Argued November 21, 1930.—Decided January 21, 1931.

740

*Rafael Padró Parés* for appellant. *A. García Ducós* for appellees.

Mr. Justice Wolf delivered the opinion of the Court.

On appeal from a municipal court this case was called without the defendant or his attorney being present. They arrived late and after one witness had been examined. The witness was one of the plaintiffs in the case. On arriving at the trial the attorney for the defendant presented some excuses and then asked that the answer and the testimony of the one witness be read. The attorney also asked that his own witnesses be sworn. The court granted the requests for the reading of the answer and testimony of the witness, but refused to permit certain witnesses of the defendant to be sworn or examined. It transpired that these excluded witnesses had been present in court from the opening of the trial and heard the testimony of the plaintiff. On making its ruling the court held that the said witnesses should be excluded no matter what the nature of their testimony should be.

The defendant asked that certain witnesses be allowed to prove certain documents, a petition which the court granted, but otherwise rigorously excluded the witnesses of the defendant, to which action exception was noted.

The theory of the court and the plaintiff evidently was that witnesses of an opposite party become absolutely disqualified if they remain in the room while the trial is proceeding, even though no order to that effect is promulgated.

There is no contention in this case that by the character of the testimony excluded, the defendant was not prejudiced. The error, if any, would have to be presumed to be preju-

dicial by reason of the drastic attitude of the court in excluding all witnesses not parties who overheard the testimony of the opposite side.

To deprive a party of his witnesses is to deprive him of the right to be heard and defend. *Hovey* v. *Elliott,* 167 U. S. 409, decided that a court possessing plenary power to punish for contempt might not summon a defendant to answer and then because he had been guilty of a contempt strike his answer from the files and suppress the testimony in his favor. The court cited from the famous case of *Windsor* v. *McVeigh,* 93 U. S. 274, as follows:

'' 'The principle stated in this terse language lies at the foundation of all well-ordered systems of jurisprudence. Wherever one is assailed in his person or his property, there he may defend, for the liability and the right are inseparable. This is a principle of natural justice, recognized as such by the common intelligence and conscience of all nations. A sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal.' ''

Innumerable other cases are reviewed to show how ordinarily a man must have full opportunity to be heard before he is condemned.

Probably in certain cases the court may exclude the testimony of a contumacious party or witness when no other recourse may be had, but an extraordinary situation, not here revealed, should be presented.

The appellees maintain that the defendant should have been present at the opening of the trial and then, according to the rules of the court, offer his witnesses. The court, did not attempt to exclude the witnesses because the defendant was late, but solely on the ground that they had unduly heard the testimony of one of the plaintiffs. Furthermore, if a defendant does arrive late, he has a complete right to go on from the stage at which he arrives and within reason the court would and did permit him to know what had hap-

742

pened before. Of course a party may be so late that the court might consider the trial practically closed as to such a party.

In a great many cases it is unnecessary to exclude the witnesses of either side. The appellant points out that in this instance the section of the Law of Evidence excluding witnesses was never invoked. It reads as follows:

"Section 150.—If either party requires it, the judge may exclude from the court room any witness of the adverse party not at the time under examination, so that he may not hear the testimony of other witnesses; but a party to the action or proceeding can not be so excluded; and if a corporation is a party thereto, it is entitled to the presence of one of its officers, to be designated by its attorney."

It is evident that before a party should be subject to a penalty for allowing his witnesses to be present when the other side is giving testimony, the rule should be put into force. The order of the court was erroneous and presumably prejudicial.

We have examined the complaint and think it sufficiently states a cause of action.

For the error in excluding witnesses the judgment will be reversed and the case remanded for a new trial.